UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Eugenie Marie Thomas,

        Plaintiff,

v.                                                                Civil No. 13-1057 (JNE/TNL)
                                                                ORDER

Neomedic, Inc.,

        Defendant.

---

David Grounds, Johnson Becker, PLLC, appeared for Plaintiff Eugenie Marie Thomas.

Jon Russell and Emily Mugass, Meagher & Geer, PLLP, appeared for Defendant Neomedic, Inc.

---

      Eugenie Marie Thomas brought this action against Neomedic, Inc., in state court. She alleged that she was implanted with a pelvic mesh product that Neomedic designed, manufactured, packaged, labeled, and sold. As a result of the implantation, Thomas alleged that she was injured. She asserted six causes of action against Neomedic: (1) strict product liability - failure to warn; (2) strict liability; (3) negligence; (4) breach of implied warranty; (5) breach of express warranty; and (6) negligent misrepresentation. Neomedic removed the action from state court on the basis of jurisdiction conferred by 28 U.S.C. § 1332(a)(1) (2006 & Supp. V 2011). Arguing that Neomedic had not satisfied its burden of demonstrating the requisite amount in controversy, Thomas moved to remand. For the reasons set forth below, the Court denies Thomas's motion.

      A district court has original jurisdiction of a civil action where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different states. 28 U.S.C. § 1332(a)(1). "[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the

defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." *Id.* § 1441(a).

> If removal of a civil action is sought on the basis of the jurisdiction conferred by section 1332(a), the sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy, except that—
>
> > (A) the notice of removal may assert the amount in controversy if the initial pleading seeks—
> >
> > > (i) nonmonetary relief; or
> > >
> > > (ii) a money judgment, but the State practice either does not permit demand for a specific sum or permits recovery of damages in excess of the amount demanded; and
> >
> > (B) removal of the action is proper on the basis of an amount in controversy asserted under subparagraph (A) if the district court finds, by the preponderance of the evidence, that the amount in controversy exceeds the amount specified in section 1332(a).

*Id.* § 1446(c)(2).

"The proponent of diversity jurisdiction has the burden of proving that the amount in controversy exceeds the jurisdictional minimum." *Bell v. Hershey Co.*, 557 F.3d 953, 956 (8th Cir. 2009). "Where the defendant seeks to invoke federal jurisdiction through removal . . . it bears the burden of proving that the jurisdictional threshold is satisfied" by a preponderance of the evidence. *Id.*; *cf. OnePoint Solutions, LLC v. Borchert*, 486 F.3d 342, 349 (8th Cir. 2007) ("While [the Supreme Court] established that when a defendant challenges the plaintiff's allegations of the amount in controversy, a plaintiff must establish jurisdiction by a preponderance of the evidence, [the Supreme Court did] not suggest that unliquidated damages in some specific amount must be proved before trial by a preponderance of evidence." (internal quotation marks omitted)). "This standard applies regardless of whether 'the complaint alleges no specific amount of damages or an amount under the jurisdictional minimum.'" *Bell*, 557 F.3d at 956 (quoting *In re Minn. Mut. Life Ins. Co. Sales Practices Litig.*, 346 F.3d 830, 834 (8th Cir.

2

2003)).  Under the preponderance standard, "[t]he jurisdictional fact . . . is not whether the damages are greater than the requisite amount, but whether a fact finder might legally conclude that they are."  *Kopp v. Kopp*, 280 F.3d 883, 885 (8th Cir. 2002).  "Once the removing party has established by a preponderance of the evidence that the jurisdictional minimum is satisfied, remand is only appropriate if the plaintiff can establish to a legal certainty that the claim is for less than the requisite amount."  *Bell*, 557 F.3d at 956.  "It is axiomatic the court's jurisdiction is measured either at the time the action is commenced or, more pertinent to this case, at the time of removal."  *Schubert v. Auto Owners Ins. Co.*, 649 F.3d 817, 822 (8th Cir. 2011).

In this case, Thomas requested the following relief in her Complaint: "general damages in a sum within the jurisdiction of [the state court]"; "medical, hospital, and incidental expenses, according to proof"; "loss of earnings and . . . loss of earning capacity, according to proof"; "costs of suit"; and "such other relief as the [state court] deems just and proper."  She demanded neither a specific sum nor an amount greater than $50,000.  *Cf.* Minn. R. Civ. P. 8.01 ("If a recovery of money for unliquidated damages is demanded in an amount less than $50,000, the amount shall be stated.  If a recovery of money for unliquidated damages in an amount greater than $50,000 is demanded, the pleading shall state merely that recovery of reasonable damages in an amount greater than $50,000 is sought.").  In its Notice of Removal, Neomedic stated that "Plaintiff is a resident of the State of California";[1] that Neomedic "is a Florida corporation with its principal place of business in . . . Florida"; and that "the jurisdictional amount in controversy requirement of 28 U.S.C. § 1332(a) is met" because "Plaintiff's claims do not, by their nature, limit her damages to less than $75,000."

---

[1]    Residence and citizenship are not synonymous for purposes of diversity jurisdiction.  *Dubach v. Weitzel*, 135 F.3d 590, 593 (8th Cir. 1998); *Walker v. Norwest Corp.*, 108 F.3d 158, 161 (8th Cir. 1997); *Dale v. Weller*, 956 F.2d 813, 814-15 (8th Cir. 1992); *Sanders v. Clemco Indus.*, 823 F.2d 214, 216 (8th Cir. 1987).

Neomedic maintained that the Complaint itself establishes the requisite amount in controversy. In her Complaint, Thomas alleged that she "suffered serious bodily injuries, including, but not limited to, extreme pain, erosion of her internal bodily tissue, dyspareunia, additional surgery and other injuries." She also alleged that she "experienced significant mental and physical pain and suffering, has required additional surgery and medical treatment and . . . has sustained permanent injury." Neomedic noted numerous product liability cases that arose out of implantation of pelvic mesh products are currently pending in federal courts based on diversity jurisdiction. Finally, Neomedic received a post-removal settlement demand of $50,000 from Thomas. *Cf. Rising-Moore v. Red Roof Inns, Inc.*, 435 F.3d 813, 816 (7th Cir. 2006) (stating that plaintiff's willingness to accept $60,000 after removal, to the extent post-removal events illuminate the jurisdictional question, supported conclusion that requisite amount in controversy existed and that plaintiff "did not offer to take $60,000 if a jury should decide in his favor and nothing otherwise; he wanted $60,000 *with certainty*, which implies that the stakes at trial comfortably exceed the minimum").[2]

The Court finds that Neomedic has satisfied its burden of demonstrating that the amount in controversy exceeds $75,000. Thomas has not established to a legal certainty that her claim is for less than the requisite amount. The Court denies Thomas's motion to remand. *Cf. Kopp*, 280 F.3d at 885 ("If access to federal district courts is to be further limited it should be done by

---

[2] Thomas argued that Neomedic may not provide further evidence to support its assertion that the requisite amount in controversy exists. The Court rejects Thomas's argument. *See Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 755-56 (11th Cir. 2010) ("The other circuit courts of appeal that have addressed the issue agree with our circuit law that defendants may submit a wide range of evidence in order to satisfy the jurisdictional requirements of removal. No court of appeals decision we could find holds that a defendant may not submit its own evidence in order to satisfy the jurisdictional requirements of removal, and we conclude that the defendant can." (citations omitted)).

statute and not by court decisions that permit a district court judge to prejudge the monetary value of an unliquidated claim." (internal quotation marks omitted)).[3]

Based on the files, records, and proceedings herein, and for the reasons stated above, IT IS ORDERED THAT:

1. Thomas's motion to remand [Docket No. 13] is DENIED.

Dated: September 13, 2013

s/Joan N. Ericksen
JOAN N. ERICKSEN
United States District Judge

---

[3] According to her reply, Thomas stipulated that, at the time of the Complaint's filing, her damages did not exceed $75,000. But she acknowledged in her initial memorandum that she could not agree that her "future damages would not exceed $75,000." Under the facts and circumstances of this case, Thomas's reliance on *Dyrda v. Wal-Mart Stores, Inc.*, 41 F. Supp. 2d 943, 946 (D. Minn. 1999) ("The problem confronted by the magistrate judge and now by this Court on appeal, is to reconcile these standards when a plaintiff is required by Minnesota Pleading Law to seek recovery only in an amount 'greater than $50,000.00.' The magistrate judge concluded that in that instance a plaintiff's stipulation to limit damages below the jurisdictional requisite of $75,000.00 must prevail."), is unavailing. *See Standard Fire Ins. Co. v. Knowles*, 133 S. Ct. 1345, 1350 (2013) ("Knowles also points out that federal courts permit individual plaintiffs, who are the masters of their complaints, to avoid removal to federal court, and to obtain a remand to state court, by stipulating to amounts at issue that fall below the federal jurisdictional requirement. That is so."). *See generally* 14AA Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, *Federal Practice and Procedure* § 3702.1 (4th ed. 2011) ("The federal court also can insist on a binding affidavit or stipulation that the plaintiff will continue to claim less than the jurisdictional amount as a pre-condition for remanding the case to state court.").

5